IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEDRA GHEE,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO.

1:10-cv-0381-JEC

**ORDER & OPINION**

In this *pro se* action, plaintiff asserts claims against the United States government for negligence and fraud allegedly arising from the Eleventh Circuit's dismissal of her appeal in a prior lawsuit. (Compl. [2].) Plaintiff has been granted *in forma pauperis* status. The case is on submission to the Court for an initial frivolity review under 28 U.S.C. § 1915(e)(2). (Order [3].)

**I.   28 U.S.C. § 1915(e)(2) STANDARD**

A federal court must dismiss an *in forma pauperis* action that is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v.*

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim on which relief may be granted when it does not include sufficient factual matter to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.   PLAINTIFF'S CLAIMS

In her complaint, plaintiff asserts state law claims against the United States government for fraud and negligence based on the Eleventh Circuit's dismissal of her appeal on September 8, 2009. (Compl. [2] at 1-2.) In support of her claims, plaintiff alleges that an "employee/contractor" of the Eleventh Circuit dismissed the appeal "by misrepresentation of facts, fraud, and false pretense" and through the use of "schemes and tricks." (*Id*. at 2.) Plaintiff does not provide any additional details to support her claims. She seeks $36 million in damages. (*Id.*)

The above allegations do not come close to meeting the standard set forth in *Twombly* and *Iqbal* for stating a claim upon which relief may be granted. To state a cause of action for negligence under Georgia law, plaintiff must demonstrate: (1) a legal duty to conform to a certain standard of conduct, (2) a breach of that standard, (3) a legally attributable causal connection between the breach and the resulting injury, and (4) loss or damage to plaintiff's legally

protected interest resulting from the breach. *Hunsucker v. Belford,* 304 Ga. App. 200, 201 (2010). The complaint does not include any facts to plausibly suggest the presence of those elements in this case. *See Iqbal*, 556 U.S. at 678.

Plaintiff's fraud claim is likewise deficient. To state a claim for fraud under Georgia law, plaintiff must show: (1) a false representation by defendant, (2) scienter, (3) an intention to induce plaintiff to act or refrain from acting, (4) justifiable reliance, and (5) damage to plaintiff. *Thompson v. Floyd,* 310 Ga. App. 674, 683 (2011). Based on those elements, there are no facts in the complaint that would permit a "reasonable inference" that the United States government committed fraud against plaintiff. *Iqbal,* 556 U.S. at 678. In addition, plaintiff has made no attempt whatsoever to comply with the heightened pleading requirements that are applicable to a fraud claim under Federal Rule 9(b). FED. R. CIV. P. 9(b) (requiring a plaintiff to "state with particularity the circumstances constituting fraud").

Moreover, any attempt to amend the complaint would be futile because the United States has sovereign immunity for the claims asserted by plaintiff. *See Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir. 2006). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity under certain circumstances. *Id.* However, plaintiff does not allege any facts to

3

suggest that the FTCA is applicable here.  To the extent she intends to assert claims against the Eleventh Circuit judges or clerk based on the dismissal of her appeal, those individuals have absolute judicial immunity.  *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005)(judges are entitled to absolute immunity for decisions made in their judicial capacity) and *Hyland v. Kolhage,* 267 Fed. App'x 836, 842 (11th Cir. 2008)(court clerks have absolute immunity for acts they are specifically required to do under court order or at a judge's direction).

## CONCLUSION

For all of the above reasons, the Court finds that plaintiff's complaint does not survive scrutiny under 28 U.S.C. § 1915(e)(2). Accordingly, the Court **DISMISSES** plaintiff's complaint without prejudice and directs the Clerk to **CLOSE** this action.

SO ORDERED, this 29th day of January, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

4